IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES STATEN,

Plaintiff,

v.

DORENE HOOSMAN,

Defendant.                                    No. 11-0039-DRH

ORDER

HERNDON, Chief Judge:

This matter comes before the Court on Staten's motion for leave to proceed in forma pauperis (Doc. 3). Based on the following, the Court denies the motion for leave to proceed in forma pauperis and dismisses with prejudice Staten's case.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, **126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those

Page 1 of 3

filed by prisoners and *non-prisoners* alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

District Courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim. ***Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)**. Thus, the Court should "view the pro se complaint with an understanding eye" and "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than order their dismissal on technical grounds." ***Id.***

Here, the Court finds that Staten is indigent. He has furnished an application to proceed without payment of fees and an affidavit documenting his poverty. However, the inquiry does not end here. Based on the allegations of the complaint, the Court finds that the action is clearly frivolous, fails to state a cause of action and does not seek a legal remedy. Staten claims that he is the MESSIAH, that Defendant Hoosman is his "Christian Mother" and that "GOD WANTS HIS LAND BACK." Furthermore, Staten seeks ten percent of the undersigned's salary. He doesn't name this judge personally, but any judge to whom the case is assigned. Therefore, the undersigned is not required to recuse himself from handling this case. Because Staten obviously has not met the requirements of **28 U.S.C. § 1915(e)(2)**,

the Court **dismisses with prejudice** this cause of action.

Accordingly, the Court **DENIES** Staten's motion for leave to proceed in forma pauperis (Doc. 3).  The Court **DISMISSES with prejudice** Staten's cause of action.  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 18th day of January, 2011.

David R. Herndon
2011.01.18 16:04:55
-06'00'

**Chief Judge**
**United States District Court**